UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:23-cr-00484-SEP |
| CARL BOWMAN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Carl Bowman's Motion to Suppress Evidence and Statements, Doc. [37], in which Mr. Bowman moves to suppress all physical evidence seized by law enforcement during a warrantless search of his home on August 8, 2023, as well as "any statements made to law enforcement during the investigation in this case." *Id.* at 1; *see also* Docs. [40] (Defendant's Supplement to the Motion to Suppress), [70] (Defendant's Post-Hearing Brief and Supplemental Motion to Suppress Evidence and Statements).

The Government opposes the motion. *See* Docs. [41] (Government's Response to the Motion to Suppress), [71] (Government's Post-Hearing Response to the Motion to Suppress).

Pursuant to 28 U.S.C. § 636(b) and Local Rule 2.08, all pretrial matters were referred to United States Magistrate Judge Shirley Padmore Mensah. *See* Doc. [1]. After two rounds of briefing and an evidentiary hearing, *see* Doc. [62], Judge Mensah issued a Report and Recommendation, Doc. [72], recommending that the motion be denied.

This Court's review of the Report and Recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Criminal Procedure 59. The district court considers de novo any timely specific written objections to the magistrate judge's recommendation as to a dispositive matter. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Defendant filed objections to the Report and Recommendation, Doc. [75], to which the Government responded, Doc. [77]. The Court has conducted a de novo review of the entire record, including the motions, the parties' briefing, and the transcript of the evidentiary hearing, Doc. [62]. The Report and Recommendation will be adopted in full, as set forth herein.

## DISCUSSION

The two issues before the Court are (1) whether the warrantless search of Mr. Bowman's home on August 8, 2023, was lawful, and (2) whether statements Mr. Bowman made to law enforcement after his arrest on the same date should be suppressed.

**I.    The warrantless search of Mr. Bowman's home was lawful.**

The Government argues that the search was lawful on several alternative grounds: (1) oral consent of Bowman and his wife, Latrice Woods-Jones; (2) reasonable suspicion that there was someone else in the residence who could pose a threat; (3) the need to retrieve Bowman's medication and shoes; and (4) written consent by Woods-Jones.  In her Report and Recommendation, Judge Mensah addressed and agreed with all of those justifications for the warrantless search.  *See* Doc. [72].  Defendant objects to Judge Mensah's conclusions as to the warrantless search on four grounds:[1]

(1) Bowman did not actually consent, and his putative consent extended only to the narrow purpose of retrieving his medication.  Doc. [75] at 2-3.

(2) Woods-Jones did not validly consent, and the search exceeded the boundaries of any putative consent.  Doc. [75] at 4.

(3) Woods-Jones's written consent was not voluntary and was thus invalid.  Doc. [75] at 4-6.

(4) Unlike *United States v. Alatorre*, 863 F.3d 810 (8th Cir. 2017), the circumstances of the arrest itself did not justify a protective sweep.  Doc. [75] at 2-7.

Defendant's objections to the Report and Recommendation generally restate arguments made before Judge Mensah.  *See* Doc. [70] at 11-12 (distinguishing *Alatorre* and arguing that a protective sweep was not justified); *id.* at 12-17 (arguing that neither Defendant nor Ms. Woods-Jones voluntarily consented to the protective sweep); *id.* at 17-20 (arguing that Ms. Woods-Jones's written consent was invalid).

---

[1] Defendant also objects to certain facts found by Judge Mensah.  Doc. [75] at 1-2.  Specifically, he argues that Judge Mensah erroneously concluded that "Mr. Bowman's shoes and medication were later located and retrieved from the same bedroom" where two of the firearms were found in a closet.  *Id*.  He argues that the record does not support these factual findings, because DUSM Blair testified that he found Mr. Bowman's antibiotics in the bedroom, he also testified that he never located Mr. Bowman's oxycodone, so only one type of medication was found in the bedroom at issue.  *Id*.  Second, Defendant argues that the record does not support the finding that Mr. Bowman's shoes were found in the same bedroom as the guns in the closet, because DUSM Blair testified only that some "men's running shoes" were located "in the closet next to the rifle" but he never testified that those running shoes were the same shoes that officers retrieved from the home for Mr. Bowman to wear.  *Id*. at 2.  These factual objections are immaterial to the Court's conclusions regarding the motion to suppress.

After careful consideration, the Court adopts Judge Mensah's well-reasoned analysis and conclusions that Bowman and Woods-Jones both consented to the initial limited search of their residence, and that, considering the totality of the circumstances, Woods-Jones's written consent to the more extensive search of the residence was voluntarily given. Defendant's objections are overruled. Because the search was lawful based on consent, the Court does not reach the Government's additional legal justifications for the warrantless search or Defendant's objections thereto.

**II.     There is no basis for suppression of Defendant's statements to law enforcement.**

The Report and Recommendation concluded that statements made by Bowman should not be suppressed because "there is no evidence that [DUSM] Blair, either by words or conduct, attempted to illicit any incriminating response from Bowman." Doc. [72] at 21. Defendant objects, arguing that even though the exchange between Bowman and DUSM Blair "admittedly lacked some of the trappings of a typical custodial interrogation . . . [Bowman] reiterates his position that his statements should be suppressed." Doc. [75] at 8.

As conceded by Defendant, this is merely a reiteration of the argument presented to and considered by Judge Mensah. After careful consideration, the undersigned agrees with Judge Mensah's conclusion that Bowman's voluntary statements were not obtained in violation of the Fifth Amendment. Defendant's objection is overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objections to the Report and Recommendation, Doc. [75], are **OVERRULED** as set forth herein.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Shirley Padmore Mensah, Doc. [72], is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein, to the extent set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements, Doc. [37], is **DENIED**.

**IT IS FINALLY ORDERED** that this case is set for trial on **April 7, 2025, at 9 a.m.** in the courtroom of the undersigned.

Dated this 2nd day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE